IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARBETTE THOMAS, | § | |
|    PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:05-CV-595-BE |
| | § | |
| ERNEST BARRIENTOS, P.C., | § | |
| and ERNEST BARRIENTOS, | § | |
|    DEFENDANTS. | § | |

MEMORANDUM OPINION AND ORDER

Defendants Ernest Barrientos, P.C., and Ernest Barrientos (collectively "Barrientos") have submitted a Motion to Dismiss, or Alternatively, Motion for Summary Judgment with respect to all claims asserted against them by Plaintiff Barbette Thomas. Having considered the motion and response, the court finds that Defendants are entitled to summary judgment with respect to Thomas' federal claims. The court also declines to exercise supplemental jurisdiction over Thomas' state law cause of action and dismisses her state law claims without prejudice.

A.  BACKGROUND AND PROCEDURAL HISTORY[1]

Thomas entered into four agreements with The Rental Store, Inc., on May 28, 2005. (Def. App. at 8-36.) Under the terms of the agreements, Thomas took possession of a love seat, an entertainment unit, a recliner, and a sofa. She agreed to pay a monthly payment for each piece of furniture, and in the event of default, the agreements provided that The Rental Store had the right to recover the furniture. (*Id.*) Each agreement also gave Thomas the right to terminate the arrangement at any time by returning the property, so long as her lease payments were current. (*Id.*) Each agreement contained a notice that The Rental Store was the owner of the property and that the

---

[1] Thomas has not disputed the authenticity or admissibility of any exhibit included in Barrientos' appendix.


customer would not own the property unless the total number of payments outlined in the agreement were made or the customer exercised the option at any time to purchase the property for its designated cash price. (*Id.*)

On August 2, 2005, Barrientos sent a letter to Thomas in which he purported to act on behalf of The Rental Store. (*Id.* at 6). The letter is printed on letterhead from Barrientos' law firm and reads:

> Notice to Barbette Thomas:
>
> Under agreement(s) <u>(1)4373 dated 5-28-0 5, (2) 4375 dated 5-28-05, (3)4376. dated 5-28-05,</u> and <u>(4)4377 dated 5-28-05</u>, you acquired the following property from <u>THE RENTAL STORE, INC.:</u> (1) sofa, (2) wall unit, (3) loveseat, and (4) recliner. The terms of the agreement(s)require that you make payments of <u>(1)$99.01 per month</u>, (2)<u>$67.55 per month</u>, (3)<u>$96.19 per month, and (4) $61.97 per month</u> on or before the due date stated on the agreement.
>
> You have failed to meet your obligations under the terms of the agreement(s). Therefore your agreement with <u>THE RENTAL STORE, INC.</u> is **TERMINATED,** subject to your reinstatement rights, and <u>THE RENTAL STORE, INC.,</u> the **LEGAL OWNER** of the property <u>demands return of its property.</u>
>
> **You must contact <u>QUINTON HILL with THE RENTAL STORE, INC. at (817) 656-1006,</u>to inform <u>THE RENTAL STORE, INC.</u> of your intentions and to resolve this matter.**
>
> Unless <u>THE RENTAL STORE INC.'S</u> property is returned within **48 hours** from receipt of this letter, I will recommend that <u>THE RENTAL STORE, INC.</u> seek all available legal remedies against you.
>
>                                      Sincerely yours,

(*Id.*)

Thomas filed the present civil action on September 19, 2005, asserting that Barrientos' communication with her violates the Fair Debt Collection Practices Act[2] and comparable provisions in the Texas Debt Collection Act.[3]  Barrientos has filed a motion to dismiss Thomas's suit for failure to state a claim, or alternatively, because he is entitled to judgment as a matter of law.

B.   STANDARD OF REVIEW

Barrientos has framed his motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), or alternatively, as a motion for summary judgment.  Given the documents Barrientos has submitted in support of the motion,[4] the court finds that the motion must be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  *See* FED. R. CIV. P. 12(b) (directing court to treat motion to dismiss under Rule 12(b)(6) as one for summary judgment when matters outside pleading are presented to and not excluded by the court).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).  The movant bears the initial burden of showing that no genuine issue of material fact exists, but once

---

[2]  15 U.S.C. § 1692 et seq.  Thomas complains *inter alia* that Barrientos failed to disclose in his initial communication with Thomas that he was attempting to collect a debt (a violation of 1692e(11)), used unfair or unconscionable means to collect a debt (a violation of 1692f)), and compromised Thomas's debt validation rights (a violation of 1692g)).

[3]  Tex. Fin. Code Ann. § 392.001 et seq. (Vernon 1998 & Supp. 2005).

[4]  Thomas does not object to any of Barrientos' evidence.  Thomas presents no evidence of her own, but refers to some of Barrientos' exhibits in support of her response.

**Memorandum Opinion and Order**
**Page 3 of 10**

the movant makes such a showing, the burden shifts to the nonmovant to produce competent summary judgment evidence of the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256-57, 106 S.Ct. at 2514, 91 L.Ed.2d 202.

An issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the nonmovant. *Id*. at 248, 106 S.Ct. at 2510. A fact is material if its resolution would affect the outcome of the suit under the governing law. *Id.* The court views all of the evidence and inferences therefrom in the light most favorable to the nonmovant. *Hibernia Nat'l Bank v. Carner*, 997 F.2d 94, 97 (5th Cir. 1993).

C.   DISCUSSION

1.   Fair Debt Collection Practices Act

Barrientos contends that he is not subject to liability under the Federal Debt Collection Practices Act (FDCPA) because he did not contact Thomas about a debt and is not a debt collector for purposes of the Act. More specifically, Barrientos asserts that his effort to recover the property that was the subject of the lease agreements is not a debt collection activity governed by the FDCPA. Thomas does not dispute that Barrientos's conduct was limited to securing the return of the furniture, but asserts that this action was manifestly an attempt to collect on a debt.

For purposes of liability under the FDCPA, the term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such an obligation has been reduced to judgment. 15 U.S.C. § 1692a(5). The FDCPA defines a debt collector as a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of

any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6); *Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997). For purposes of liability under Section 1692f(6) of the FDCPA only, the term "debt collector" also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. 15 U.S.C. § 1692a(6).

Thomas asserts that the focus should be on the nature of the underlying transaction in which she acquired the right to property used primarily for household purposes. Barrientos does not dispute that the underlying transaction was one for household purposes, but disputes whether he sought to collect a debt arising out of that transaction.

In interpreting statutes, the court will not look beyond the plain meaning of a statute unless the statute is absurd or ambiguous. *Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488, 492-493 (5th Cir. 2004). The debt that the FDCPA refers to is an obligation or alleged obligation to pay money, which is a description that is neither absurd or ambiguous. 15 U.S.C. § 1692a(5); *Arruda v. Sears, Roebuck & Co.*, 273 B.R. 332, 348-351 (D. R.I.), *aff'd*, 310 F.3d 13 (1st Cir. 2002). Barrientos' letter does not demand payment of any monetary obligation allegedly owed to him or The Rental Store, but only demands a return of leased property in Thomas's possession subjection to her reinstatement rights. Regardless of whether The Rental Store was justified in invoking its right to retrieve the property, Barrientos was not attempting to collect a debt for purposes of FDCPA requirements.

Thomas's complaint, however, also suggests that Barrientos acted with the principal purpose of enforcing an alleged security interest. (Plf. Compl. ¶8.) The third paragraph of 15 U.S.C. §

**Memorandum Opinion and Order**
Page 5 of 10

1692(6) extends the definition of "debt collector" to persons in the business of enforcing security interests, but the definition as extended applies only to allegations of a violation of 15 U.S.C. §1692f(6). Section 1692f(6) prohibits:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>
> **(A)** there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> **(B)** there is no present intention to take possession of the property; or
>
> **(C)** the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).[5]

Barrientos contends that he is not liable for an alleged wrongful attempt to enforce a security interest because he was enforcing his client's right to recover its property, not collateral under a security agreement. He also contends that nothing in his letter represents a violation under Section 1692f(6) because The Rental Store had a present right to possession of the leased property, the letter expresses The Rental Store's intention to promptly take possession, and the leased property is not considered exempt property under the law. *See generally* Tex. Prop. Code Ann. §§ 42.001-.002 (Vernon 2000).

Thomas argues that she purchased furniture from The Rental Store and that her payment obligations were secured by the property that was the subject-matter of her agreements with The Rental Store, with title to the property retained by The Rental Store. Thomas classifies her transaction as a disguised sale of consumer goods on credit, but cites no authority that approves that

---

[5] Barrientos complains that Thomas did not identify her complaint as one falling within the provisions of Section 1692f(6) specifically, but Thomas did alleged a violation of Section 1692f generally. (Plf. Compl. ¶ 13(b).)

**Memorandum Opinion and Order**
**Page 6 of 10**

classification, and in fact, Texas law expressly distinguishes consumer lease-purchase transactions from retail credit sales.

Rent-to-own agreements like the ones at issue in this action are lease-purchase arrangements that provide for a consumer to use merchandise for an initial lease period of four months or less, are automatically renewable with each payment after the initial lease period has expired, and permit the consumer to become the owner of the merchandise. Tex. Bus. & Com. Code Ann. § 35.71 (6). (Vernon 2002 & Supp. 2005). Under Texas law, rent-to-own agreements are a distinct category of lease agreements and are specifically excluded from the definition of retail installment contracts.[6] *See* Tex. Fin. Code Ann. § 345.001(6)(C). In addition, the Uniform Commercial Code–as adopted in Texas–provides that a lease creates a security interest only if the consideration that the lessee pays for the right to possess and use the goods is an obligation for the term of the lease and is not subject to termination by the lessee. *See* Tex. Bus. & Com. Code Ann. § 1.203(b) (distinguishing leases from security interests). *See also In re Rigg*, 198 B.R. 681, 684-85 (Bankr. N.D. Tex. 1996). Thomas retained the right to terminate her agreements with The Rental Store by returning the property, and accordingly, her agreements are considered true leases and not transactions creating a security interest.

Thomas has provided no summary judgment evidence to indicate that The Rental Store lacked the right of immediate possession of the property. Although she suggests that The Rental

---

[6] There is no contention from Thomas that her agreements with The Rental Store are not in compliance with Texas law governing rental-purchase agreements. Congress has proposed various revisions to consumer protection laws that would provide for federal regulation of the rent-to-own industry, including subjecting the industry to the provisions of the FDCPA, but legislative efforts to date have not been successful. *See, e.g.*, H.R. 2498, 107th Cong., (2001)(entitled Rent-To-Own Reform Act of 2001); S. 1566, 103rd Cong. (1993)(referred to as the Rent-To-Own Consumer Credit Protection Act of 1993); H.R. 2498, 103rd Cong. (1993)(introduced as the Rent-to-Own Reform Act of 1993;

Store had no intention of taking possession of the property, Thomas has provided no summary judgment evidence to support this assertion, nor does she contend that any of the property is exempt property under the law. Thomas's arguments that Barrientos committed abusive or unfair acts and her arguments with respect to application of the least-sophisticated-consumer standard when measuring abusive debt collection practices are not relevant if there is no debt collection action to which the alleged misconduct can be attributed.

Barrientos is entitled to judgment as a matter of law because the letter is an attempt to recover the leased property, not the collection of a debt or enforcement of a security interest, and is not a communication that subjects Barrientos to liability under the FDCPA.

2. Texas Debt Collection Practices Act

Barrientos also contends, for reasons similar to those he advanced with respect to FDCPA, that he is entitled to summary judgment with respect to Thomas's claims of violations of the Texas Debt Collection Act (TDCA). As a threshold matter, the court must consider whether it is appropriate to exercise jurisdiction over Thomas' TDCA-based claims after her federal claims have been eliminated.

The district court has supplemental jurisdiction over the TDCA claim pursuant to Section 1367(a) in Title 28 of the United States Code, but the district court may decline to exercise supplemental jurisdiction over state-law claims if any of the following conditions are met:

**(1)** the claim raises a novel or complex issue of State law,

**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

**(3)** the district court has dismissed all claims over which it has original jurisdiction, or

**(4)** in exceptional circumstances, there are other compelling reasons for declining

jurisdiction.

28 U.S.C. § 1367(c)(1)-(4). In addition to the statutory factors, the court must also balance the factors of judicial economy, convenience, fairness, and comity. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 446 (5th Cir. 2002). Although the general rule is to decline to exercise jurisdiction over pendent state-law claims, that rule is neither mandatory nor absolute. *Id.* at 446-47.

In Thomas's case, the first and fourth statutory conditions are not met as her claims do not present particularly novel or complex claims, nor do exceptional or compelling circumstances exist. The second and third conditions, however, are satisfied because there are no federal claims remaining in this civil action. As for the additional factors, none appear to weigh heavily in favor of retaining jurisdiction. Significant judicial resources have not yet been expended. This case has been pending just over nine months and scheduled for trial in October 2006. The parties have not progressed past the discovery phase, and they have requested and required very little judicial intervention to date.[7] Nor is the statute of limitations a concern. *See* 28 U.S.C. § 1367(d) (tolling the limitations period for state law claims asserted under supplemental jurisdiction). The court also finds that it would not be unfair or inconvenient to decline to exercise supplemental jurisdiction over Barrientos' claims under the TDCA.

---

[7] Discovery is not anticipated to be extensive or especially expensive according to the parties' representations in their joint status report

**Memorandum Opinion and Order**
**Page 9 of 10**

It is ORDERED that Defendants' Motion for Summary Judgment with respect to Thomas's claims under the FDCPA is GRANTED. It is further ORDERED that Thomas' remaining state law claims are dismissed without prejudice. Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is denied as moot.

SIGNED APRIL 26, 2006.

/s/ Charles Bleil
_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE